And our last case today is Spiegel v. Reynolds, or Associated Community Services. We've got a couple of defendants. Mr. Langone? Yes. Okay, come on up. Thank you. May it please the court. Chris Langone on behalf of the plaintiff and appellant Marshall Spiegel. This case presents the question of whether a sham charity, as alleged in the complaint, fits the definition of a tax-exempt nonprofit organization for the purposes of an exemption under the Telephone Consumer Protection Act, which prohibits certain kinds of robocalls and calling people on the do-not-call list. The TCPA has an exemption, a statutory exemption, for calls made on behalf of a tax-exempt nonprofit organization. An exemption under a statute is an affirmative defense and is something that the defendant must prove. And so, as we've argued all along, we believe it was improper for the district judge to decide this issue on a Rule 12b-6 motion to dismiss. Before we even get to the affirmative defense question having to do with tax-exempt organizations, do the facts of this case, the nature of these calls, meet the definition of telephone solicitation? There was an alternative holding by the district judge on summary judgment that they do not. There's a potential issue about whether they reach telephone solicitation. But even regardless of that, the fact that they use automated voices puts them within the prohibitions of the TCPA. And that was something that came out in discovery that the district court never reached because the court relied exclusively on its on-behalf-of holding. It had limited discovery to the question of on-behalf-of after making its ruling on the 12b-6. And so, there wasn't the opportunity to develop a full record on the question of solicitation or on the use of prerecorded voices through the soundboard recordings, which are prohibited regardless of whether they're solicitations. They're prohibited outright. And ACS's 30b-6 representative testified in his deposition that there were prerecorded voices. Where is this in your brief, counsel? We've got a holding from the district court in an opinion you did not include in your appendix with your brief as required that says you lose because these were not solicitations. And where did you tell us why these still count in response to that holding by the district court? I'm sorry. Are you saying that the summary judgment opinion? Yes. Okay. We were not appealing from the summary judgment opinion but from the Rule 12 portion of the dismissal on tax-exempt organization, which is why the district court summary judgment opinion was not attached. But the court concluded that regardless, because of its finding on on-behalf-of, the other issues were not relevant. Certainly, we could have sought to conform the pleadings to the proof or take any other action with respect to the fact that they're soundboard recordings. But our appeal is. The appeal brings everything up, okay? The appeal from the final judgment brings everything to this court. But we've got what sure looks to me like a dispositive ruling at pages 10 and 11 of the summary judgment or 10 to 12. And I didn't see a response to that in your brief. On the issue of solicitation? Yes. Because we could have amended the, well, again, that's not relevant to what we could have done with respect to the basis of the dismissal on the grounds of it being that the IRS's determination letter is sufficient. And then the fact that there were soundboard recordings make that particular argument. Maybe I'm not being clear. I've got a judgment from a district judge that has what looks like a dispositive holding. You're appealing from that judgment, and you fail to address that holding. What am I missing? That we're not appealing from the issue of solicitation because the soundboard recordings issue could have been in an amended complaint that was conformed to the proof. But there was no opportunity to do that because of the erroneous ruling on the nonprofit charity exemption. As it turned out, discovery revealed that they were requests for money, that they weren't selling goods or services. So we wouldn't have been able to dispute on the solicitation issue regardless. So you accept that basis for the judge's decision. You don't contest it. On the issue of solicitation, correct. But regardless of solicitation. And that's independently dispositive here. Do you agree with that? No, not of the issue of the use of soundboard and automated recordings, which are prohibited by the TCPA. Why wasn't this raised then? We have alternate grounds of decision here. I understand you're taking issue with only one. But if there's another that's independently dispositive, or you think it's not independently dispositive, you have to explain why. We were never given the opportunity to seek to amend the complaint. No, on appeal. I'm talking about on appeal. Okay. Apparently you're not contesting that these calls don't meet the definition of telephone solicitation because they were not encouraging the purchase of, purchase or rental of, or investment in property goods or services. Do you agree with that? Yes. Okay, you're not contesting that. Correct. But if you've got some other, I mean, that's independently dispositive, right? Not of the whole case, because even if they're not solicitations, if they're automated voice recordings, that violates the TCPA. Then you have to explain that on appeal. If there's an independent basis to affirm the judgment here, you have to tell us why we can't or shouldn't affirm on that second holding. Well, because the district court had, by virtue of the 12B6 ruling, had prevented the opportunity for discovery or amendment on these other issues. Discovery I get. Amendment I don't understand. And what I'm hearing from you, Mr. Langone, is an argument that was not made to the district court or in your briefs as to why we ought to reverse here. Did I miss something? Well, as the discovery revealed, there was no basis to dispute the solicitation issue. Exactly. But the whole case got sent out on 12B6 on the tax-exempt non-profit organization issue, which, had that ruling not been made, we would be able to amend the complaint to conform the pleadings to the proof. So let me ask this one more time. When did you alert the district judge to this issue? About pre-recorded voices. I believe we – I would have to check. I think it was mentioned in the summary judgment response, and the court said it's not relevant because of the IRS issue. I want to double-check that, and maybe I will do so as I reserve the balance of my two and a half minutes for rebuttal. Thank you. Mr. Martinez. May it please the court. Good afternoon, Your Honors. Michael Martinez on behalf of the appellee, Associated Community Services, Inc., which I'll be referring to as ACS for purposes of brevity today. As the panel correctly noted, there are multiple grounds for waiver in the district court. Is it correct that your client was keeping 85 percent of the money they were collecting? Your Honor, there's a distinction between my client and the entity upon which it was performing telemarketing for. But it was charging 85 percent of the gross? The allegations are that my company's client was – that only 15 percent of the donations actually went to charity. Is that right? I'm not – I don't have personal knowledge of that at this time, but that's the allegation, and that's what the – was alleged. However, there's a distinction between the Breast Cancer Society upon whom my client was performing telemarketing for and my client's ACS, which reasonably relied upon the IRS designation that the Breast Cancer Society was a tax-exempt nonprofit organization. Based on that designation, ACS, in interpreting the Telephone Consumer Protection Act, relied on the fact that calls made on their behalf would be exempt under the phone solicitation. What about the automated voice issue? Your Honor, I did not see that addressed in the record, and I just started going over their MSJ response to see if it was raised. My response to that right now would be that the TCPA, on behalf of, addresses both the automated voice recordings and phone solicitations. If you're making those calls on behalf of a tax-exempt charity, then you're exempt under both provisions, is my understanding of the rule. And you're not asking – I didn't see this in your brief – for affirmance on the alternate ground that these did not constitute phone solicitations? Your Honor, I was planning on raising that argument here at the argument today. What? You can't do that. You were saving it for the oral argument?  We've got a big enough problem with the plaintiff in that respect. I was waiting to see if it was raised. I did not notice that until I was going through the record in preparation for this argument today. I was going to request leave to file a supplemental brief. The appellant has been granted leave to file untimely briefs multiple times in this appeal. And as a result, ACS would respectfully request one day to file a supplemental brief on the harmless error from the alternate ground for summary judgment in the motion for summary judgment ruling. You'll have to file a motion to that effect.  But in addition to the waiver – you know, appellant has waived the text exempt issue, which was – the Rule 12b-6 order was an interlocutory order. And appellant posits they're only appealing the interlocutory order. However, Rule 54 requires that the appellant must appeal the entire judgment. Yes. But it's not required to re-litigate an issue that was conclusively decided against it at the dismissal phase. It doesn't have to re-raise it at summary judgment. But, Your Honor, that was not a separate claim. That was one element of the claim that was addressed in a footnote by the court. Appellant had the opportunity to raise that in response to the MSJ. The Zimmerman case, which they cite for the first time in their brief, was not addressed in the district court. Had appellant taken the opportunity to re-argue this issue at the Rule 56 stage, at that time they could have presented the Zimmerman case to the district court. At this time, the district court has never heard their argument based on the Zimmerman case, which is the central thesis of their appeal here. And the Zimmerman case is distinct from the TCPA. That relates to the Credit Repair Organizations Act. Plaintiff attempts to draw an analogy between the CROA at issue in Zimmerman and the TCPA at issue here. However, the difference between Zimmerman and this case is that the exemption in the CROA is a two-part exemption. The Zimmerman court noted that traditionally, when Congress speaks of tax-exempt non-profits, it's referring to the 501c3 definition in Section 501 of the Code. However, in Zimmerman, the court found it was a two-part test. And they cited all the statutes where Congress refers to tax-exempt non-profits, which incorporate the 501c3 definition. They drew a distinction between the CROA because of the language. The language of that act is a non-profit which is tax-exempt. In the TCPA and all the other statutes identified in Zimmerman, it refers to a tax-exempt non-profit, which is a single element. There's no comma separating tax-exempt and non-profit in the TCPA. Therefore, that term is referring to a single term, which is encompassed within the definition of 501c3 entities. Therefore, Congress delegated authority to determine what is a 501c3 entity to the IRS. There's no statutory authority and no regulatory authority for a district court to overrule an IRS determination of what is and what isn't a 501c3 entity. Zimmerman was distinct because there were two separate elements to that exemption, and the court only analyzed the non-profit organization exemption. The court did not analyze what is tax-exempt. The court delineated between non-profit and tax-exempt, whereas here, tax-exempt non-profit is a single element, and it must be addressed in the way that it's commonly used, which is 501c3 entities, as a district court has ruled. The appellant has cited no authority to show that the district court had the authority to disregard the IRS's designation here. In addition, another distinction between the Zimmerman case is the entity that was the defendant in Zimmerman was the credit repair organization that was the subject of the statute, whereas here, my client ACS was not the company claiming the tax-exempt status. My company was relying upon the IRS's designation of tax-exempt status. There's a real risk here that if the court accepts the appellant's position, the non-profit sector would really be put in a disarray, and there could be a whole lot of additional litigation because It seems hardly the case to be making a policy argument like that, counsel. It would lose the opportunity to make contracts for 85% of the gross. Well, I'm sorry, there's a misunderstanding here where my company was not keeping 85% of the gross. That was the Breast Cancer Society. However, my company reasonably relied upon the IRS designation that BCS was a tax-exempt non-profit. If we require that district courts can overrule these IRS designations at any time, then the entire non-profit sector, the cost of business will go up exponentially, and having to independently vet the companies that they're working for, where their money is going, and seeking outside counsel to determine whether they qualify as a non-profit or as tax-exempt under the various laws of the various jurisdictions of the United States. So what I'm asking here for is the protection of the reasonable expectations of my client, that they can rely upon the IRS 50C3 designation, given the fact that the IRS is the entity trusted by Congress to determine tax-exempt non-profit status, as opposed to the district courts. Anything further? If the panel doesn't have any other questions, that's all I have at this time. Apparently not. Thank you, Your Honor. Thank you. Rebuttal? We have little time left. Yes, thank you, Your Honors. I wasn't able, because, again, we were not appealing the summary judgment decision directly, I wasn't able to find that if, again, if a motion is warranted and one will be made. I don't know that it's incumbent on us to anticipate every conceivable basis of harmless error and rebut that in advance. They didn't make this argument in their response brief that this was harmless error. We could have addressed it in the reply brief, and so I don't know that it would be our duty in the first instance, in our appellate brief, to try to preemptively anticipate every conceivable argument that an appellee might make. Conceivable arguments, holdings of the district court. Although holdings limited to, at that point, the only issue in the case, which was the on behalf of issue. I mean, the district court had limited discovery to on behalf of and had made that the only remaining issue in the case and then had come up with this additional argument, which, you know, I guess you could characterize it as dicted to some extent, and certainly, you know, I'm familiar with the harmless error doctrine, but I do think that would be incumbent on the appellee to raise harmless error as an issue. And I think the court should allow us to potentially conform the pleadings to the proof, and certainly the important issue of this charity exemption and not coming into conflict potentially with Zimmerman and holding that an IRS can give you a piece of paper and then indefinitely you have a basically pass from compliance with robocalling in the TCPA is an important issue. I think that that should be addressed. And to some extent, the whole problem with the procedural posture comes from the fact that the district court erred in the first instance in deciding issues related to an affirmative defense on a Rule 12 motion. And if that created a bad situation with the record, throughout the record and the appeals, obviously since the court is raising this for the very first time, we would suggest that that would be a basis for remand as well to allow any kind of pleadings to be filed with respect to conforming the pleading to the proof on this issue of prerecorded voices. Thank you for your attention. All right. Thank you. Our thanks to all counsel. The case is taken under advisement, and that includes today's call. The court will be in recess. Thank you.